People v Allen (2025 NY Slip Op 51200(U))

[*1]

People v Allen

2025 NY Slip Op 51200(U)

Decided on July 28, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 28, 2025
Supreme Court, Erie County

The People of the State of New York

against
Edmund Allen & Ajia Key, Defendant

Legacy No. 00552-2023

Michael J. Keane, Esq.
District Attorney, Erie County
Anthony Perna & Peter Pinelli, A.D.A.s
for the People
Robert D. Steinhaus, Esq.
for defendant Allen
Timothy D. Gallagher, Esq.
For defendant Key

M. William Boller, J.

The defendants are charged with one count of Criminal Possession of a Weapon 2nd by way of indictment. The case is scheduled for a jury trial commencing today, July 29, 2025. Prior to trial, the People filed a motion-in-limine seeking various relief. The case came before the Court for arguments on the motion-in-limine on July 25, 2025. At that time, the People raised the issue that the defense may now seek to call a witness, specifically, a DNA expert. The People have objected to this potential witness as they were untimely disclosed.
The People filed their initial Certificate of Compliance and statement of readiness on August 16, 2023. In that document, the People disclose the name of multiple Erie County Central Police Laboratory personnel including at least two DNA experts as well as CVs, Proficiency tests and initial CPS lab reports. Subsequent to the filing of the initial Certificate of Compliance, the People, through an Order to Show Cause, obtained buccal swabs from the defendants. The People then disclosed the final CPS lab report and documentation on February 19, 2024. 
Criminal Procedure Law §245 outlines the discovery obligations of both the People and the defense. The issue in question is the defendant's reciprocal discovery obligations. Specifically, under CPL §245.10(2), "The defendant shall perform his or her discovery [*2]obligations under subdivision four of section 245.20 of this article not later than thirty calendar days after being served with the prosecution's certificate of compliance pursuant to subdivision one of section 245.50 of this article, except that portions of materials claimed to be non-discoverable may be withheld pending a determination and ruling of the court under section 245.70 of this article; but the prosecution must be notified in writing that information has not been disclosed under a particular section." This includes the, "names, addresses, birth dates, and all statements, written or recorded or summarized in any writing or recording, of those persons other than the defendant whom the defendant intends to call as witnesses at trial or a pre-trial hearing." (CPL 245.20(4)(a)). 
Pursuant to the statute, the defendant had until September 16, 2023 to file their Certificate of Compliance. Defendant Allen did file a Certificate of Compliance on October 15, 2023. In this initial Certificate of Compliance the defendant indicated under paragraph 4, "The defense has yet to retain the services of an expert." Further, under paragraph 10, "Other than the People's witnesses, the Defendant is not aware of any witnesses with information pertinent to this indictment." 
Just as the People have a continuing duty to disclose, so does the defense. Under CPL §245.20(4)(c), "(c) If in the exercise of reasonable diligence the reciprocally discoverable information under paragraph (f) or (o) of subdivision one of this section is unavailable for disclosure within the time period specified in subdivision two of section 245.10 of this article, such time period shall be stayed without need for a motion pursuant to subdivision two of section 245.70 of this article; but the disclosure shall be made as soon as practicable and subject to the continuing duty to disclose in section 245.60 of this article." 
On July 25, 2025, defendant Allen filed a supplemental Certificate of Compliance. In the supplemental Certificate of Compliance, the defense indicates they intend to call Dr. Gary Skuse. In the document, the defendant argues the People did not "make clear their intention" to offer expert DNA testimony until July 22, 2025. The defense has indicated this is the reason for their delayed disclosure. The defense, in the above-mentioned supplemental Certificate of Compliance, also indicates may call one or more family members "to provide the jury with context for the reason that so many people were at 119 Richlawn in the City of Buffalo in the early morning hours."
The defendant has had the initial information that the People intended to call various DNA expert witnesses since August 16, 2023. In the People's initial Certificate of Compliance, Section F, they indicate, "If checked, the People are disclosing information concerning each expert witness whom the prosecutor intends to call as a witness at trial or a pretrial hearing, as listed below." The People further outline two forensic biologists, Jodi Luedemann and Sarah Murrin. Therefore, the defense has had notice the People intended to call DNA experts for approximately one year, eleven months and nineteen days.
One of the purposes of the new discovery statute was to eliminate "trial by ambush." The statute does not give the defense license to use the tactics. A defense strategy of belatedly disclosing witnesses for trial advantages is improper. The information has been known to the defense that the People were calling DNA experts for almost two years. In this case, the defense argued they needed permission to pay the potential expert witness. This logistical issue in no way prohibits the defense from disclosing the expert witness as a potential witness. If ultimately [*3]the defense is unable to retain the services of an expert then it is simply a potential witness on a list that does not get called. 
With regards to the defendant's indication they may call one or more family members to testify, the first disclosure of this information occurred on July 25, 2025. The defendant's initial Certificate of Compliance indicated they did not have any witnesses to call. Further, the information provided in the supplemental Certificate of Compliance does not meet the standard as outlined in CPL 245.20(4)(a). There are no names or other information included in the defendant's documentation. Further, as per the defendant's arguments, these potential witnesses are family members of the defendant so they would be well known to the defense since the date of the incident (March 19, 2023) and likely unknown to the People. Not only is the information untimely and insufficient under the statute, but there is no explanation for the belated disclosure on the eve of trial.
If the situation was reversed, and on the eve of trial the People presented information they were planning on calling an expert witness, and potentially other civilian witnesses (without providing names), and without ever having disclosed this information, the response from the defense would be very predictable; a motion to preclude, a motion to invalidate the Certificate of Compliance and finally a motion to dismiss the indictment pursuant to CPL 30.30.
The People are held to a high standard under the new discovery laws. Their failure to comply may result in preclusion of evidence or even dismissal of an indictment. As the defense has specific obligations outlined in the same statute, it is only equitable they be held to the same high standards. 
Further, the preclusion of the defense witnesses does not in any way prohibit their ability to offer a defense. This is not an issue of an alibi defense or psychiatric defense. The defense specifically notes the potential defense DNA expert is not testifying to any newly discovered evidence. The potential witness would be testifying to basic DNA procedures. Also, according to the defense, the unknown and unnamed civilian witnesses would be testifying to "provide the jury context."
Ultimately, the defendant's belated (and in part, insufficient) disclosure is untimely. The explanations offered are insufficient to explain extreme delay. The defense simply did not comply with the statute. Therefore, the defendant would be precluded from calling Dr. Gary Skuse and the unknown and unnamed family members at trial.
HONORABLE M. WILLIAM BOLLER
ACTING SUPREME COURT JUSTICE
DATED: July 28, 2025
BUFFALO, NEW YORK